1 | JOSEPH A. MANDOUR, III (188896)
GORDON E. GRAY (SBN 175209)
2 | BEN T. LILA (SBN 246808)
MANDOUR & ASSOCIATES, APC
3 | 16870 West Bernardo Drive, Suite 400
San Diego, California 92127
4 | Telephone: (858) 487-9300
Facsimile: (858) 487-9390
5 | Email: jmandour@mandourlaw.com

6 | MITCHELL A. STEIN (*pro hac vice*)
STEIN LAW, P.C.
7 | 24 Woodbine Avenue, Suite 4
Northport, New York, 11768
8 | Telephone: (631) 757-8400
Facsimile: (631) 757-8404
9 | Email: mitch@kingofip.com

10 | *Attorneys for Defendant,*
*1812 Clothing Corp. d/b/a Max & Gino's Clothing Co.*

FILED
CLERK, U.S. DISTRICT COURT
JUN 27 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYPSY O5, INC., a California Corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>MAX & GINO'S CLOTHING CO., an unknown business entity a/k/a MAX & GINO'S; 1812 CLOTHING CORP., a New York Corporation; and DOES 1-10, inclusive,<br><br>　　　Defendants. | Civil Case No. CV 10-01020-JAK (Ex)<br><br>**JOINT STIPULATED**<br>**PROTECTIVE ORDER** |

**WHEREAS**, during the course of this action, a receiving party ("receiving party") will receive information which the producing party ("producing party") reasonably considers in good faith to be of a highly confidential, trade secret nature or of a lower confidential, proprietary, business, personal or commercial nature, in both cases requiring the imposition of restrictions against unauthorized access, viewing, use and disclosure;

      **NOW, THEREFORE**, upon consideration of the record and proceedings herein and the stipulation of the parties;

**IT IS ORDERED THAT:**

### INFORMATION SUBJECT TO THIS ORDER

1. For the purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all material or information which the producing party reasonably considers in good faith to contain or to constitute trade secrets or confidential, proprietary, or sensitive business or commercial information in which a party may have a good faith privacy interest, whether embodied in documents, things, oral testimony or otherwise, and which has been so designated by the producing party in the manner set forth hereinafter.

2. In addition, certain highly sensitive, "CONFIDENTIAL INFORMATION" may be designated in good faith by the producing party as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY." For the purposes of this Order, "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" shall be deemed a subclass of "CONFIDENTIAL INFORMATION," over which the producing party reasonably believes in good faith further restriction against access, use and disclosure is warranted.

### AFFIXING OF NOTICE

3. "CONFIDENTIAL INFORMATION" contained in physical objects or documents, including any e-medium (hard drives, swap drives, jump drives, disks, diskettes, magnetic or removable media) or hard-copy, documents, transcripts, exhibits, answers to interrogatories and other discovery requests, or copies thereof shall be designated by stamping or affixing thereto the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY." (The legend "RESTRICTED INFORMATION PURSUANT TO PROTECTIVE ORDER" is the equivalent of "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" and documents so designated shall be treated in the same manner.) Any and all information contained in any document or object so designated shall be handled and treated by the receiving party in accordance with this Order.

1    4.    All "CONFIDENTIAL INFORMATION" not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 3 shall be designated by the producing party by so informing the receiving party in writing or on the record of any deposition or court hearing. No producing party shall unreasonably, unnecessarily or excessively designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY."

**PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION**

5.    Subject to the provisions of paragraph 7, persons authorized to receive "CONFIDENTIAL INFORMATION" (hereinafter "qualified recipient") shall only include:

(a)    attorneys retained by the receiving party, as well as members of the paralegal, secretarial or clerical staff who are assisting in connection with this action, and Experts, as discussed below;

(b)    except with respect to "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION," deposition witnesses, employees and members of the respective party receiving "CONFIDENTIAL INFORMATION" in this action who have complied with the provisions of paragraph 6 and who counsel for that party reasonably believes it necessary to show such "CONFIDENTIAL INFORMATION," it being expressly understood that no "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" may be revealed other than to the qualified recipients identified in paragraph 5(a), 5(c) and 5(d) (as described in greater detail in paragraph 6, below;

(c)    the Court, its personnel, and shorthand reporters or videographers who take and transcribe testimony in connection with this action, as well as necessary secretarial and clerical assistants; and

(d)    expert witnesses in accordance with paragraph 8.

6.    For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" may be disclosed by the receiving party, and the contents of such material so designated, only to the following persons (hereinafter "highly qualified recipients):

       (a)    attorneys retained by the receiving party, as well as members of the paralegal, secretarial or clerical staff who are assisting in connection with this action, and Experts, as discussed below;

       (b)    the Court, its personnel, and shorthand reporters or videographers who take and transcribe testimony in connection with this action, as well as necessary secretarial and clerical assistants;

       (c)    expert witnesses in accordance with paragraph 8;

       (d)    any person, during the course of a deposition, who is clearly and unambiguously identified on the face of such material as an author or recipient thereof or if not so identified, upon the presentation of competent evidence of authorship or receipt; and

       (e)    any person who the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

       7.    Counsel desiring to disclose "CONFIDENTIAL INFORMATION" to any qualified recipient in paragraph 5 above,, and/or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" to any highly qualified recipient identified in paragraph 6 above shall, prior to any such disclosure, have such person:

       (a)    read this Order and the Non-disclosure Agreement attached hereto as Exhibit "A," and receive explanation of the contents thereof; and

       (b)    execute a Non-disclosure Agreement in the form attached hereto as Exhibit "A."

Upon request, counsel shall furnish an affidavit stating that each all qualified recipients who has been given access to "CONFIDENTIAL INFORMATION" and each highly qualified recipient who has been given access to "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" (except for those of the Court in paragraphs 5(c) and 6(b)) has signed a Non-Disclosure Agreement before receiving and/or reviewing such materials. Counsel shall maintain the originals of such Non-Disclosure Agreements and produce the same (and/or copies thereof) upon request.

///

## EXPERT WITNESSES

8. If counsel for a receiving party determines that for purposes of this action, certain documents or information produced by counsel for a disclosing party and designated as "CONFIDENTIAL INFORMATION " or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" must be revealed to a person employed to act as an expert in this action, then counsel for the receiving party may reveal the designated documents or information to such person only after complying with the following:

   (a) Counsel for the receiving party shall have the expert read this Order and the Non-disclosure Agreement attached hereto as Exhibit "A," and shall explain the contents thereof to such expert; and

   (b) Counsel for the receiving party shall have the expert execute a Nondisclosure Agreement in the form attached hereto as Exhibit "A."

For each person who is designated as a testifying expert, counsel for the receiving party shall provide a copy of the executed Non-disclosure Agreement to opposing counsel at the same time as expert reports are required to be served or, if no such time shall be fixed, then at the time of the expert's deposition, and shall otherwise maintain the originals of Non-disclosure Agreements signed by such party's experts. Should a disclosing party file a complaint raising an issue concerning violation by someone of the terms of this Order, then counsel for the receiving party shall indicate whether the person was a non-testifying expert under the Order, and, if so, provide that person's Non-disclosure Agreement.

Nothing in this section shall be deemed to enlarge the right of any party to conduct discovery of another party's experts. In no event shall any employee, partner, owner, or other person affiliated with a party be designated as an expert for purposes of this section.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

9. Each item of "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" shall be held by the receiving party and each of its respective qualified and/or highly qualified recipient in confidence, shall be used only for purposes of this action, shall not be used for any business

purpose, and shall not be disclosed or made accessible to any person who is not a qualified or highly qualified recipient in accordance with this Order. "CONFIDENTIAL INFORMATION" shall be maintained in a manner that is reasonably designed to prevent access by or disclosure to anyone except qualified recipients. "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" shall be maintained in a manner that is reasonably designed to prevent access by or disclosure to anyone except highly qualified recipients.

10. With regard to submissions to the Court, unless otherwise ordered by the Court, all information and documents of any nature (including any of the foregoing documents as well as any other documents including briefs, motions, transcripts, etc.) that contain "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" shall be submitted to the Court in accordance with Local Rule 79-5.

11. Only qualified recipients may be present at a deposition at which "CONFIDENTIAL INFORMATION" is presented, and only highly qualified recipients shall be present during that part of any examination concerning "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION."

12. Nothing in this Order constitutes a finding that any of the information disclosed or contained in the produced documents or objects is "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" and nothing herein shall prevent any party from contending, during the progress of this lawsuit, that any or all such information is not confidential. Any party may request the party asserting confidentiality to cancel the "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION") designation with respect to all or part of any document, thing and/or information, and, in the event the dispute remains unresolved, may move the Court for an order declassifying any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" after first satisfying the "meet and confer" obligations of Rule 37(a)(1), Fed. R. Civ. P. and Local Rule 37-1. Unless and until the objection is resolved by agreement or is overruled by the Court, the "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION") designation

shall remain in force and effect. On such a motion, the person asserting confidentiality shall have the initial burden of establishing the same, which can only be overcome by competent evidence, and the parties shall cooperate to set and expedite a hearing upon the motion at the first opportunity that all counsels' schedule and that of the Court's permits. A failure of any party to challenge a claim of confidentiality shall not constitute acquiescence to such a claim if a question of a party's treatment of information as "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION") in compliance with this Stipulated Protective Order is subsequently raised.

## MISCELLANEOUS

13. This Order shall be without prejudice to the right of any party to oppose production of any information an any ground other than the presence of "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY") INFORMATION."

14. The designation of "CONFIDENTIAL INFORMATION" (or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY") pursuant to this Order shall not be construed as a concession by the disclosing party that such information is relevant or material to any issue or otherwise discoverable, or a concession by the receiving party that it is in fact confidential or a trade secret. The parties' agreement to this Stipulation, and their designation of documents as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION," shall not (a) be admissible as evidence for any purpose whether on motion, during a hearing, or at trial, (b) be referred to in any submission to the Court, except on discovery matters, and (c) give rise to an inference that any material claimed to be a trade secret, proprietary, or otherwise protectable intellectual property is such.

15. Nothing contained in this Order shall affect or restrict the rights of any party with respect to its own documents or with respect to information known to it prior to, or independent of, discovery in this action, nor does consent hereto by a party constitute a waiver of any right under any pre-existing contract or other rights, including the right to seek and obtain injunctive

1 relief. This provision, however, does not permit a receiving party from giving or disclosing the
2 disclosing party's designated documents and things to a non-qualified recipient.

3    16.    Any of the notice requirements herein may be waived, in whole or in part, but
4 only by a writing signed by the counsel of record for the party against which such waiver will be
5 effective.

6    17.    The inadvertent or unintentional disclosure by the producing party of
7 "CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES
8 ONLY INFORMATION," regardless of whether the information was so designated at the time of
9 the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of
10 confidentiality, either as to the specific information disclosed or as to any other information
11 disclosed or as to any other information relating thereto on the same or related subject matter.

12    18.    Upon final termination of this action, including all appeals, each party shall at its
13 option destroy or return all original materials produced and designated as "CONFIDENTIAL
14 INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY
15 INFORMATION" to the producing party, and shall destroy, in whatever form stored or
16 reproduced, all other materials including, but not limited to, pleadings, correspondence,
17 memoranda, notes and other work product materials, which contain or refer to
18 "CONFIDENTIAL INFORMATION," except that counsel may retain one archival copy of
19 correspondence, exhibits or pleadings subject to this Order.

20    19.    This Order is entered without prejudice to the right of any party to apply to the
21 Court at any time for additional protection, or to relax or rescind the restrictions of this Order,
22 when convenience or necessity requires.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1     **CONSENTED TO:**

2 Dated: June 24, 2011            MANDOUR & ASSOCIATES, APC

3

4

                                 /s/ Ben T. Lila

5                                  By:     Joseph A. Mandour, III (188896)
                                 Gordon E. Gray (Sbn 175209)

6                                  Ben T. Lila (SBN 246808)

7 Dated: June 24, 2011            STEIN LAW, P.C.

8                                     Digitally signed by Mitchell A. Stein
                                    DN: cn=Mitchell A. Stein, o=STEIN LAW,
                                    P.C., ou, email=mitch@kingofip.com,
                                    c=US

9                                     Date: 2011.06.23 20:02:06 -04'00'

                                 By:     Mitchell A. Stein (*pro hac vice*)

10                                 ***Attorneys for Defendant***

11

12 Dated: June 24, 2011            BLAKELY LAW GROUP

13

14                                  /s/ Cindy Chan

                                 By:     Brent H. Blakely
                                 Cindy Chan

15                                 ***Attorneys for Plaintiff***

16

17        **GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.**

18 Dated: June 27, 2011

19                                Charles F. Eick
20                                United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GYPSY 05, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MAX & GINO'S CLOTHING CO., an unknown business entity a/k/a MAX & GINO'S; 1812 CLOTHING CORP., a New York Corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Case No. CV 10-01020-JAK (Ex)<br><br>**NON-DISCLOSURE AGREEMENT (EX. "A" TO PROTECTIVE ORDER)** |

    I have read the Protective Order entered in this action, and I intend to be legally bound by it. I, therefore, agree that:

    1.    All documents produced or information disclosed and designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" by a party which is disclosed to the undersigned pursuant to the Protective Order shall be used only as counsel deems necessary or appropriate for the prosecution or defense of this action, and shall not be used for any business or other purpose.

    2.    "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" shall be disclosed to and discussed only with qualified recipients as stated in the Protective Order. No documents or information acquired or extracted from such documents will be divulged or made accessible to any other person, news entity, governmental agency or other entity whatsoever, except in compliance with the Protective Order.

    3.    I agree to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of such documents or confidential information.

    4.    I agree not to use any of the confidential information or documents disclosed in the course of this litigation for my own benefit or to the detriment of the disclosing party, except

for the purposes of this litigation; provided that nothing in this Agreement shall affect my rights concerning documents and information I acquired prior to, or independent from, this action.

5. I agree that upon the final termination of this litigation, I shall return any such documents or "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY INFORMATION" which may be in my possession or control (including all abstracts, summaries, descriptions, lists, synopses, or other writings reflecting or revealing such information, but excluding attorney work product), to the attorney from whom I received such documents and materials.

6. I recognize that any breach of this Non-disclosure Agreement may be punishable as a Contempt of Court. All civil remedies for breach of this Non-disclosure Agreement are specifically reserved by the disclosing party and are not waived by the disclosure provided herein. Further, in the event of a breach of this Non-disclosure Agreement by any person retained by counsel, the disclosing party may pursue all civil remedies available to it as third party beneficiary of this Non-disclosure Agreement.

Dated:

Name _____

Address _____

Employer _____